

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East-7th Floor*
*Brooklyn, NY 11201*

September 23, 2014

The Honorable Cheryl Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> *Re:*   **Farmer v. Bureau of Prisons, et al.,**
> Civil Action No. CV-13-1255 (Irizarry, J.) (Pollak, M.J.)

Dear Magistrate Judge Pollak:

The undersigned Assistant United States Attorney submits this letter reply on behalf of defendants United States and Bureau of Prisons in further support of their August 30, 2014 Motion to Dismiss Plaintiff's Renewed Complaint As Well As Partial Motion to Dismiss for Improper Venue or Transfer in this case and in response to plaintiff's opposition papers filed on September 12, 2014 ("Plaintiff's Opposition Papers"). As demonstrated in Defendant's Memorandum in Support of Their Motion to Dismiss Plaintiff's Renewed Complaint As Well As Partial Motion to Dismiss for Improper Venue or Transfer ("Defendants' Initial Brief"), the Court lacks jurisdiction over plaintiff's claims against the individual defendants[1] in this case under any alleged theory and lacks jurisdiction over plaintiff's Americans with Disabilities Act ("ADA") claims against any named defendant. See Defendants' Initial Brief at pp. 8-11. Moreover, plaintiff's claims about his conditions of confinement at the Metropolitan Detention Center in Brooklyn ("MDC") should be dismissed as moot because plaintiff has transferred out

---

[1] Although this office does not represent the individual defendants in their individual capacities, this motion was styled on behalf of "defendants" collectively because plaintiff's allegations relate only to actions taken by those individuals in their official capacities. Even if this office did represent the individual defendants in their individual capacities, however, plaintiff's claims against them would be barred by sovereign immunity for the reasons set forth in Defendant's Memorandum in Support of Their Motion to Dismiss Plaintiff's Renewed Complaint As Well As Partial Motion to Dismiss for Improper Venue or Transfer ("Defendants' Initial Brief") at pp. 8-11.

of MDC.  See Defendants' Initial Brief at pp. 11-12.  Finally, with respect to plaintiff's claims regarding his conditions of confinement at the Gilmer Federal Correction Institute in Glenville, West Virginia ("FCI Gilmer"), venue is not appropriate in this district for the reasons discussed in Defendant's Initial Brief.  See Defendant's Initial Brief at pp. 14 - 15.  The Court should dismiss those claims or, in the alternative, transfer them to the only proper venue for them, which is the United States District Court for the Northern District of West Virginia.  See Defendants' Initial Brief at pp. 12-18.

<u>Plaintiff's Opposition Papers</u>

On September 12, 2014, plaintiff filed his Opposition Papers.  See Docket Entry 47.  In that filing, plaintiff simply expresses his frustration with the arguments asserted in Defendant's Initial Brief regarding jurisdiction and mootness, and states, without support, that his claims are all properly before this Court.  See generally Docket Entry 47.[2]  Plaintiff responds to the venue arguments set forth in Defendant's Initial Brief only by asserting, also without support, that defendants cannot challenge venue because "venue is in Defendants [sic] back yard."  See Docket Entry 47 at p. 4.  Because plaintiff has failed to offer any admissible evidence or legal support for the contentions made in his opposition to Defendant's Initial Brief, the Court should dismiss plaintiff's Renewed Complaint in its entirety or, in the alternative, dismiss all claims relating to plaintiff's confinement at MDC and transfer the remaining claims to the United States District Court for the Northern District of West Virginia.

<u>Status Update Regarding New Medical Issue Raised in Plaintiff's Opposition Papers</u>

Plaintiff's Opposition Papers also seek to renew his motion for preliminary injunction, alleging, for the first time, that FCI Gilmer failed to provide plaintiff with certain medication on the morning of August 29, 2014.  See Docket Entry 47 at pp. 2, 7.  Although defendants continue to assert that plaintiff's motion is made in the wrong venue, this letter will supplement the August 15, 2014 medical status update submitted to the Court in response to plaintiff's initial request for preliminary injunction.  See Docket Entry 46.

Review of plaintiff's medical history at FCI Gilmer revealed that plaintiff did not receive the morning dose of that medication on August 29, 2014 because he was scheduled to be outside of the institution for a medical appointment at the time of the morning pill line.  When plaintiff did not appear for pill line, FCI Gilmer issued an "overhead page" for plaintiff, but the medication technician was informed that plaintiff had already departed the building for his outside medical appointment.  When plaintiff returned to FCI Gilmer that afternoon, he could not receive the missed morning dose at that time because it was too close in time to his scheduled evening dose of that medication.  In response to this incident, FCI Gilmer has revised its practices to allow medical staff to review scheduled outside medical trips the business day before they are scheduled.  This should resolve any issues plaintiff may have with the timing of the

---

[2]  Of note, plaintiff does make a passing reference to the federal question jurisdiction statute at 28 U.S.C. § 1331 in arguing that this Court can hear his claims (see Docket Entry 47 at page 4), but wholly fails to address or rebut any of defendant's arguments that those claims are barred by sovereign immunity and that Title II of the ADA does not apply to the federal government.

2

administration of future medication at FCI Gilmer.  <u>See</u> September 19, 2014 response from M. Weaver to Inmate Request to Staff form attached as Exhibit A.

  For these reasons, defendant respectfully requests that this Court dismiss plaintiff's claims in their entirety, transfer this action to the Northern District of West Virginia or grant defendants any other relief that this Court may deem proper and just.

       Respectfully submitted,

       LORETTA E. LYNCH
       United States Attorney

By:   *Kelly Horan Florio*
       KELLY HORAN FLORIO
       Assistant U.S. Attorney
       (718) 254-6007

cc: Dee Farmer
  #23288037
  FCI Gilmer
  P.O. Box 6000
  Glenville, WV  26351

# EXHIBIT A

BP-A0148
JUNE 10                       INMATE REQUEST TO STAFF CDFRM
U.S. DEPARTMENT OF JUSTICE                        FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
| ~~Farmer, Dee~~ Mr. McAdams | 9-2-14 |
| FROM: Farmer, Dee | REGISTER NO.: 23288 |
| WORK ASSIGNMENT: Med. Unassigned | UNIT: C-1-114 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.  Continue
on back, if necessary.  Your failure to be specific may result in no action being taken.
If necessary, you will be interviewed in order to successfully respond to your request.

Dear Mr. McAdams,
   I did not recieve my injection
Friday morning before I was taken
to my appointment or when I got
back from it that afternoon. 8-29-14
              Sincerely,
              Dee Farmer

---

(Do not write below this line)

DISPOSITION:

On August 28, 2014, you were escorted to the Special Housing Unit(SHU) and told that you
were to have nothing to eat or drink (NPO) after midnight. By the time the morning nurse made
pill line/sick call in SHU on August 29, 2014, you were taken to R&D for processing to go to the
hospital trip that had been scheduled.  By the time the general population morning pill line was
completed, the medication technician, not knowing you were in SHU, had you paged overhead
and she was informed you had left the institution en-route to the community hospital.  You did
not receive the dose when you returned because it was too close to evening pill line. With this
said, you were with escorting staff in the morning and you could have told the staff you needed
your injection and they would have contacted us via radio.   We will begin monitoring outside
medical trips the day prior, instead of the same day as is our current procedure to alleviate this
in the future.

| Signature Staff Member | Date |
| M. Weaver, Health Service Administrator FCI Gilmer | 9/19/14 |

Record Copy - File; Copy - Inmate

WDP                           Prescribed by P5511

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94
FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER            SECTION 6